Christopher M. Bunge, Esq. (SBN 258780)
cbunge@watttieder.com
Amanda L. Marutzky, Esq. (SBN 274376)
amarutzky@watttieder.com
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
4 Park Plaza, Suite 1000
Irvine, California 92614
Telephone: 949-852-6700

Attorneys for Plaintiff
ARCH INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| ARCH INSURANCE COMPANY, a Missouri corporation, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1) Statutory Indemnity** |
| M.V.C. ENTERPRISES, INC. dba MORENO VALLEY CONSTRUCTION, a California corporation; JAY ZACHARY ZUPPARDO, a California resident; and JAY ANTHONY ZUPPARDO, a California resident; | **(2) Breach of Contract (Indemnity Agreement);** |
| | **(3) Quia Timet;** |
| | **(4) Specific Performance;** |
| | **(5) Fraud; and** |
| Defendants. | **(6) Negligent Misrepresentation.** |

Plaintiff Arch Insurance Company ("Plaintiff" or "Arch") hereby alleges as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this civil action. This court has original jurisdiction under 28 U.S.C. § 1332, in that this action is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand ($75,000.00) dollars.

2.  Venue is proper in this judicial district because the corporate Defendant's principal place of business is in the City of Temecula, Riverside

County, California, and Defendant is subject to jurisdiction in the Central District of California.  Moreover, both of the individual defendants are residents of Riverside County, California.

## THE PARTIES

3.   Arch is, and at all relevant times herein was, a corporation duly organized and existing under the laws of the State of Missouri, with a principal place of business in Jersey City, New Jersey.  "[T]he phrase 'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate activities."  Hertz Corp. v. Friend, 130 S. Ct. 1181, 1186 (2010).  Typically, the principal place of business or "nerve center" will be the corporation's headquarters.  Id.  Based on the following facts, Arch's principal place of business, or its "nerve center," is in Jersey City, New Jersey:

    a.   Arch's headquarters are located in Jersey City, New Jersey.

    b.   The Jersey City, New Jersey office is the main administrative office for Arch and contains the substantial predominance of Arch's corporate operations.

    c.   The Jersey City, New Jersey office is where the majority of Arch's executive and administrative functions are performed.

    d.   Arch's Jersey City, New Jersey office is the primary office of Arch's Chief Executive Officer.

    e.   All ultimate decisions regarding Arch's business strategies, management of corporate assets and finances, and corporate governance are made in Jersey City, New Jersey.

4.   At all relevant times, Arch was duly licensed to conduct business in the State of California.  Arch is an admitted surety insurer in the State of California, among other jurisdictions, and issues contract surety bonds, among other bonds, and lines of insurance in the course of its business.

5. Defendant M.V.C. Enterprises, Inc. dba Moreno Valley Construction ("Defendant" or "MVC") is a corporation duly organized and existing under the laws of the State of California, with a principal place of business in Temecula, California.

6. Defendant Jay Zachary Zuppardo, as an individual, is a citizen and resident of Riverside County, California, and is subject to the jurisdiction and laws thereof.

7. Defendant Jay Anthony Zuppardo, as an individual, is a citizen and resident of Riverside County, California, and is subject to the jurisdiction and laws thereof.

## GENERAL ALLEGATIONS

8. On September 30, 2019, Defendants executed a General Indemnity Agreement (the "Indemnity Agreement") in favor Arch as a precondition to Arch issuing contract surety bonds to MVC. Attached hereto and incorporated herein as **Exhibit A** is a copy of the Indemnity Agreement.

9. Pursuant to Paragraph 3 of the General Indemnity Agreement, the Indemnitors agreed to "exonerate, indemnify and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature" that Arch may incur as a result of "having executed or procured the execution of the Bonds." Such losses include the payment of valid claims, completion costs, attorneys' fees, and consultant fees.

10. In addition to Defendant's indemnity obligations, the Defendant also agreed to deposit collateral with Surety upon Surety's demand in an amount sufficient to cover any losses that Surety believes it may suffer. The Indemnity Agreement states:

> If the Surety determines, in its sole discretion and judgment, that potential liability exists for losses, fees, costs, or expenses, for which the Principal and Indemnitors will be obligated to indemnify the Surety under the terms of this Agreement or Other Agreements, the Principal and Indemnitors shall deposit

with the Surety, promptly on demand, a sum of money equal to the amount the Surety determines or collateral security of a type and value satisfactory to the Surety, to cover that liability.

11. After the Defendants' execution of the Indemnity Agreement, Arch issued various payment and performance bonds to MVC, as bond principal, including the bonds listed below:

| Bond No. | Obligee |
| --- | --- |
| SU 1161812 | Muroc Unified School District |
| SU 1166894 | City of Albany |
| SU 1161816 | Antelope Valley Community College District |
| SU 1161817 | Antelope Valley Community College District |
| SU 1161827 | Irvine Unified School District |
| SU 1161827 | Irvine Unified School District |
| SU 1166895 | Jurupa Unified School District |
| SU 1161813 | Antelope Valley Community College District |
| SU 1166896 | McFarland Unified School District |
| SU 1166893 | City of Merced |
| SU 1161823 | Oxnard Union HS District |
| SU 1161826 | Riverside Unified School District |
| SU 1161822 | Santa Ana Unified School District |
| SU 1161824 | Antelope Valley Community College District |
| SU 1161825 | Antelope Valley Community College District |
| SU 1166892 | Riverside County Superintendent of Schools |
| SU 1173901 | Chino Valley Unified |
| SU 1173900 | Centinela Valley Union |
| SU 1166897 | Santa Ana Unified School District |
| SU 1166897 | Santa Ana Unified School District |
| SU 1166890 | Temecula Valley Unified School District |
| SU 1166891 | Temecula Valley Unified School District |
| SU 1161814 | City of Industry |
| SU 1161811 | Desert Sands USD |
| SU 1161828 | Town of Tiburon |

12. In mid-2021, Arch began receiving multiple payment bond claims from subcontractor and suppliers to MVC on MVC's projects – each claiming that MVC had failed to pay for work performed by them. As of November 3, 2021, Arch has received $4,524,499.27 in payment bond claims, of which Arch has paid

$752,105.32. Arch anticipates resolving substantially more of such payment bond claims.

13. In addition, MVC started demobilizing equipment and personnel from the projects that Arch bonded. As a result, Arch started receiving letters of concern from the bond obligees, inquiring whether MVC is able to finish its obligations.

14. Despite the urgings of Arch and some of the bond obligees, MVC did not return to its projects to complete its work. In fact, many obligees have started terminating MVC from their respective projects, including:

    a. Murrieta Valley Unified School District – Murietta Mesa High School

    b. Temecula Valley Unified School District – Rancho Elementary School Phase 1

    c. Chino Valley Unified School District – Chino High School Reconstruction

    d. Riverside County Office of Education – Conference Center and Parking Structure

15. On October 4, 2021, Arch sent to the Defendants a letter demanding collateral security pursuant to Section 4 of the Indemnity Agreement. Specifically, Arch requested collateral security in the amount of $3,797,841, which was the total amount of pending payment bond claims at that time. A copy of the October 4, 2021, letter is attached hereto as **Exhibit B**.

16. To date, the Defendants have failed to comply with Arch's demand for collateral as set forth in the October 4, 2021, letter.

17. As a result of MVC's failure to complete the projects bonded by Arch, Arch anticipates that it will receive claims by the bond obligees against the performance bonds for Arch to effectuate the completion of the projects. In addition, Arch anticipates it will receive a large volume of payment bond claims by subcontractors and suppliers on the MVC projects. These performance and

payment bond claims will cause Arch to suffer a considerable amount of losses as defined by the Indemnity Agreement, for which the Defendants are responsible to reimburse Arch.

## FIRST CAUSE OF ACTION
### (Statutory Indemnity against MVC Only)

18. Arch incorporates by reference Paragraphs 1 through 17 as though set forth fully in this cause of action.

19. As a consequence of having issued the Bonds, MVC became, and is now, obligated to reimburse Arch for any amount or amounts Arch paid or will pay pursuant to the terms of the Bonds, including all necessary costs and expenses, in accordance with California *Civil Code* section 2847.

20. MVC has failed to comply with the requirements of *Civil Code* section 2847 and Arch is entitled to relief thereunder.

## SECOND CAUSE OF ACTION
### (Breach of Contract Against all Defendants)

21. Arch incorporates by reference Paragraphs 1 through 20 as though set forth fully in this cause of action.

22. Arch has received claims against the Bonds and has incurred and will continue to incur costs, expenses and attorneys' fees related to the investigation and resolution of these claims.

23. Despite demand, the Defendants have failed and refused to and continue to fail and refuse to deposit the collateral with Arch and indemnify and hold Arch harmless for its losses under the terms of the Indemnity Agreement.

24. Arch has performed all of the terms, covenants and conditions required on its part to be performed under the terms of the Indemnity Agreement or has been excused from doing so by the Defendants.

25. As a direct and proximate result of the breach of the Indemnity Agreement by the Defendants, Arch has incurred and will incur losses and expenses in an amount according to proof, along with attorneys' fees, expenses and costs incurred in prosecuting this action.

## THIRD CAUSE OF ACTION

### (Quia Timet Against all Defendants)

26. Arch incorporates by reference Paragraphs 1 through 25 as though set forth fully in this cause of action.

27. The Defendants are obligated under the doctrine of Quia Timet to reimburse Arch for all losses and expenses that will be incurred by Arch as a consequence of issuing the Bonds.

28. Arch believes that, based upon their unwillingness to indemnify Arch and their failure to deposit collateral, the Defendants will attempt to avoid their obligation to reimburse Arch for all losses and expenses that will be incurred by Arch as a consequence of issuing the Bonds.

29. Arch has no adequate remedy at law for the injuries suffered and the injuries it will continue to suffer. Arch is informed, believes, and thereon alleges that the Defendants have exhibited a willingness to evade their obligations and may transfer assets in derogation of the legal and equitable rights of Arch. If the Defendants are not enjoined immediately from transferring their assets, the assets may be disposed of permanently, and the Defendants will render themselves insolvent, thereby irreparably harming Arch.

30. Defendants have exhibited a willingness to evade their obligations by the following actions:

    e. As part of Arch's evaluation of whether it would enter into a surety relationship with the Defendants, Arch required Jay Anthony Zuppardo and Jay Zachary Zuppardo to provide Arch with personal financial statements. Both did so by providing to

Arch financial statements with an effective date of February 28, 2019.

 f. In those February 28, 2019, statements, both individual Defendants listed a number of residential and commercial properties owned by them. Both individual Defendants also gave an assurance to Arch that neither had established or were a party to a Trust, whether property, real or personal, held by one party for the benefit of another, including, but not limited to a living trust. The individual Defendants gave such an assurance by signing under the penalty of perjury a "Declaration of No Trust and No LLC" on September 30, 2019, a copy of which is attached hereto as **Exhibit C**.

 g. However, on April 3, 2019, Jay Anthony Zuppardo transferred the real estate identified in his February 28, 2019, financial statement into a trust, the Jay A. Zuppardo Living Trust.

 h. Similarly, on April 3, 2019, Jay Zachary Zuppardo transferred the real estate identified in his February 28, 2019, financial statement into a trust, the Jay Z. Zuppardo Living Trust.

 i. Therefore, when both individual Defendants signed the September 30, 2019, Declaration of No Trust and No LLC, both made material fraudulent or negligent misrepresentations.

 j. Both individual Defendants continued to make these fraudulent or negligent misrepresentations on March 22, 2021, when both submitted updated personal financial statements to Arch that listed the same real estate that had been transferred to their respective trusts as presently owned by the individuals.

 k. On August 31, 2021, while Arch was receiving claims against the Bonds, Jay Anthony Zuppardo took out a mortgage on his

personal residence, which was owned by his living trust, in the amount of $548,250. Similarly, on October 8, 2021, Jay Zachary Zuppardo took out a mortgage on his personal residence, also owned by his living trust, in the same amount of $548,250. Arch believes these actions were taken to protect assets from creditors, such as Arch.

l. Finally, in another attempt to evade obligations to Arch, Jay Anthony Zuppardo's living trust recently sold two of his commercial properties that he listed on the personal financial statements: 14305 Corporate Way, Moreno Valley, California with a recording date of August 26, 2021, and 27250 Via Industria, Temecula, California with a recording date of October 1, 2021.

31. As a proximate result of the conduct of the Defendants, Arch will be damaged so long as the Defendants are able to evade their obligations to Arch by transferring their assets. The full amount of this damage is not presently known by Arch, which will amend its complaint to state this amount when the same becomes known to it, or on proof of the damages.

32. Arch is entitled to receive a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining the Defendants, as well as their agents, servants, assignees, employees, officers, and all persons or entities acting thereunder, in concert with, or for them, from transferring any assets absent further court order.

## FOURTH CAUSE OF ACTION
### (Specific Performance Against all Defendants)

33. Arch incorporates by reference Paragraphs 1 through 32 as though set forth fully in this cause of action.

34. Arch issued the Bonds on behalf of MVC at the request of the Defendants.

35. Arch has incurred and will continue to incur losses and expenses by virtue of and as a direct consequence of its issuance of the Bonds and in satisfying MVC's obligations under such bonds.

36. Arch is entitled to a judgment compelling the Defendants to specifically perform pursuant to the terms of the Indemnity Agreement by: (1) indemnifying Arch for all of its losses, expenses, costs, and fees incurred, in connection with its issuance of the Bonds and (2) depositing the $3,797,841 in collateral with Arch.

37. Arch' remedy at law is inadequate, in that Arch is exposed to liability that is not liquidated at this time.

## **FIFTH CAUSE OF ACTION**

**(Fraud Against Jay Anthony Zuppardo and Jay Zachary Zuppardo)**

38. Arch incorporates by reference Paragraphs 1 through 37 as though set forth fully in this cause of action.

39. As particularly set forth in Paragraph 30 above, Jay Anthony Zuppardo and Jay Zachary Zuppardo made representations in writing and under the penalty of perjury that neither had established a trust. These statements were categorically false, as both individuals had previously transferred real estate into their respective living trusts.

40. Moreover, these statements were made with full knowledge by the individual Defendants of their falsity and with the intent to induce Arch to continue providing the Bonds to MVC.

41. The fraudulent statements were material to Arch in its evaluation of the financial condition of the Indemnitors and whether to continue issuing the Bonds, which Arch eventually did. Had Arch known the truth, Arch would have not issued the Bonds or taken additional to steps to protect itself.

42. As a direct and proximate result of the fraudulent statements, Arch has been damaged and harmed in a total amount to be determined at trial, but which is, at a minimum, in excess of $752,105.32, the amount of claims it has paid to date.

## SIXTH CAUSE OF ACTION

**(Negligent Misrepresentation Against Jay Anthony Zuppardo and Jay Zachary Zuppardo)**

43. Arch incorporates by reference Paragraphs 1 through 37 as though set forth fully in this cause of action.

44. As particularly set forth in Paragraph 30 above, Jay Anthony Zuppardo and Jay Zachary Zuppardo made representations in writing and under the penalty of perjury that neither had established a trust. These statements were categorically false, as both individuals had previously transferred real estate into their respective living trusts.

45. Although the individuals may have believed they personally owned the real estate or that they were not part of any trust, neither individual had reasonable grounds to have such beliefs, as both individuals participated in transferring real estate property into their respective living trusts prior to signing the Declaration of No Trust.

46. The individuals made the negligent statements to induce Arch to issue the Bonds to MVC.

47. The statements were material to Arch in its evaluate of the financial condition of the Indemnitors and whether to continue issuing the Bonds, which Arch eventually did. Had Arch known the truth, Arch would have not issued the Bonds or taken additional to steps to protect itself.

48. As a direct and proximate result of the negligent statements, Arch has been damaged and harmed in a total amount to be determined at trial, but which is, at a minimum, in excess of $752,105.32, the amount of claims it has paid to date.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Arch prays for judgment as follows:

ON THE FIRST CAUSE OF ACTION:

1. For damages in an amount equal to the amount Arch will incur to satisfy MVC's obligations on the Bonds;

2. For costs of suit herein; and

3. For such other and further relief deemed necessary and proper by the Court.

ON THE SECOND CAUSE OF ACTION:

1. For all damages proximately caused by the Defendants' breach of the Indemnity Agreement;

2. For an award of attorneys' fees expended to prosecute this action;

3. For costs of suit herein; and

4. For such other and further relief deemed necessary and proper by the Court.

ON THE THIRD CAUSE OF ACTION:

1. A temporary restraining order, preliminary and permanent injunction enjoining the Defendants, their agents, servants, employees, officers, and assigns, and each of them, from transferring any assets absent further court order;

2. For costs of suit herein; and

3. For such other and further relief deemed necessary and proper by the Court.

ON THE FOURTH CAUSE OF ACTION:

1. For an order compelling the Defendants to comply with the terms of the Indemnity Agreement by: (1) indemnifying Arch for all of its losses, expenses, costs, and fees incurred, in connection with its issuance of the Bonds and (2) depositing the $3,797,841 in collateral with Arch.

2. For all damages proximately caused by the Defendants' breach of the Indemnity Agreement;

3. For interest thereon at the legal rate;

4. For reasonable attorneys' fees and costs incurred herein, according to proof;

5. For costs of suit herein; and

6. For such other and further relief as the Court may deem necessary and proper.

ON THE FIFTH CAUSE OF ACTION:

1. For all damages proximately caused by the fraudulent statements made Jay Anthony Zuppardo and Jay Zachary Zuppardo;

2. For an award of attorneys' fees expended to prosecute this action;

3. For costs of suit herein; and

4. For such other and further relief deemed necessary and proper by the Court.

ON THE SIXTH CAUSE OF ACTION:

1. For all damages proximately caused by the negligent statements made Jay Anthony Zuppardo and Jay Zachary Zuppardo;

2. For an award of attorneys' fees expended to prosecute this action;

3. For costs of suit herein; and

4. For such other and further relief deemed necessary and proper by the Court.

Dated: November 4, 2021                    Watt, Tieder, Hoffar & Fitzgerald, L.L.P.

                                           By: /s/ Christopher M. Bunge
                                               Christopher M. Bunge
                                               Amanda L. Marutzky
                                               Attorneys for Plaintiffs
                                               ARCH INSURANCE COMPANY

12740921.1 103133.00016